# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD V. HAYES,

    Plaintiff

vs

K. JOINER, R.N., et al.,

    Defendants

Case No. 1:05-cv-575

Beckwith, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for temporary restraining order. (Doc. 4).

Plaintiff is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. He brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs claims against K. Joiner, R.N., and Mona Parks, both nurses at SOCF. Plaintiff seeks an injunction ordering defendant K. Joiner to "cease and desist from underhand attempts to 'set up' petitioner by utilizing power of institutional staff over inmates to create a ruse whereby petitioner is constantly under threat of at any moment being falsely accused of all manner of infraction of rules in an effort to gain equilibrium in the original precipitous instant action." (Doc. 4 at 3-4).

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2.    Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3.      Whether an injunction will cause others to suffer substantial harm; and

    4.      Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that plaintiff has neither alleged facts, nor submitted evidence, warranting a preliminary injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claim, or that he will suffer irreparable harm absent a preliminary injunction.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102 -- would not be served. The present status quo in this case is, according to plaintiff, that he has suffered a violation of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be

2

proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for temporary restraining (Doc. 4) be **DENIED**.

Date: 9/8/05

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICHARD V. HAYES,
Plaintiff

vs

K. JOINER, R.N., et al.,
Defendants.

Case No. 1:05-cv-575

Beckwith, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4

1:05cv575 doc.14

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Richard V Hayes<br>156-605<br>SOCF<br>P.O. Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0899 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540