**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Richard V. Hayes,               )
                                )
            Plaintiff,           )  Case No. 1:05-CV-575
                                )
    vs.                          )
                                )
K. Joiner, R.N., <u>et al.</u>, )
                                )
            Defendants.          )

<u>O R D E R</u>

        This matter is before the Court on Plaintiff Richard V.
Hayes's motion for a temporary restraining order (Doc. No. 4),
Magistrate Judge Hogan's Report and Recommendation that
Plaintiff's motion be denied (Doc. No. 14), and Plaintiff's
objections to Magistrate Judge Hogan's Report and Recommendation
(Doc. Nos. 16).  For the reasons that follow, Plaintiff's
objections to Magistrate Judge Hogan's Report and Recommendation
are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate
Judge Hogan's Report and Recommendation; Plaintiff's motion for a
temporary restraining order is not well-taken and is **DENIED**.

        On August 17, 2005, Plaintiff Richard Hayes, an inmate
at Southern Ohio Correctional Facility, filed a complaint
pursuant to 42 U.S.C. § 1983 alleging that nurses K. Joiner and

1

Mona Parks were deliberately indifferent to his serious medical needs.  Specifically, the complaint alleges that on January 6, 2005, Plaintiff informed Joiner that he was suffering from chest pains but that Joiner failed to treat him because she observed no acute signs of cardiac problems.  The complaint does not indicate what part Defendant Parks played in this alleged constitutional deprivation.

Contemporaneous with the filing of his complaint, Plaintiff filed a motion for a temporary restraining order.  As near as can be discerned, Plaintiff's motion for a temporary restraining order alleges that Joiner is engaged in a campaign of making false reports of disciplinary infractions against Plaintiff so as to undermine his credibility in this lawsuit.  Thus, Plaintiff is apparently asking the Court to compel Joiner to cease and desist from making false allegations against him.  Magistrate Judge Hogan recommended that Plaintiff's motion for a temporary restraining order be denied.  Judge Hogan noted that the purpose of a temporary restraining order is to maintain the status quo while the merits of a case are being decided.  In this case, Judge Hogan observed that the status quo is that Plaintiff claims that he suffered a deprivation of  constitutional rights whereas his claim for injunctive relief seeks affirmative action to correct institutional deficiencies yet to be proven.

Plaintiff's objections do not meet the substance of

Judge Hogan's recommendation that his motion be denied.  Instead, Plaintiff complains that Joiner is still permitted to dispense liquid Benedryl to him because he is fearful that Joiner will poison his medication.

The Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive issue.  Fed. R. Civ. P. 72(b).  Upon review of the record, the Court finds that Plaintiff's motion for a temporary restraining order is without merit.

To the extent that he claims that Joiner is making false reports of disciplinary infractions, Plaintiff's own pleadings demonstrate that the prison's internal grievance procedures are sufficient to protect his rights.  <u>See</u> Doc. No. 4-1, at 3 (indicating that conduct report filed by Joiner was dismissed as having no merit).  Therefore, Plaintiff has failed to demonstrate any likelihood that he will suffer irreparable harm if an injunction is not issued.  Plaintiff's claim or fear that Joiner will poison his medication if she is allowed to continue to treat him is nothing but paranoid speculation and without any evidentiary foundation.

Accordingly, Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendation; Plaintiffs' motion for a temporary restraining

3

order is not well-taken and is **DENIED.**


          **IT IS SO ORDERED**


Date September 27, 2005          s/Sandra S. Beckwith
                                  Sandra S. Beckwith, Chief Judge
                                 United States District Court