**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RICHARD V. HAYES,  Case No. 1:05-cv-575

    Plaintiff

    vs

K. JOINER, R.N., et al.,  **REPORT AND RECOMMENDATION**

    Defendants  (Beckwith, J.; Hogan, M.J.)

This matter is before the Court on plaintiff's motions for hearing (Docs. 18, 19), plaintiff's motions for default judgment and for entry of default (Docs. 20, 21), defendants' motion to dismiss (Doc. 23), and plaintiff's memorandum in opposition to the motion to dismiss. (Doc. 24).

Plaintiff is a former inmate at the Southern Ohio Correctional Facility (SOCF).  He brings this action under 42 U.S.C. § 1983 against SOCF nurse K. Joiner and SOCF Health Care Administrator Mona Parks.  Plaintiff alleges that on January 6, 2005, he reported he was experiencing chest pain to defendant Joiner while she was making her rounds.  He alleges that without taking vital signs or his blood pressure, Joiner stated she saw no acute signs of cardiac problems.  Plaintiff further alleges that he filed an informal complaint with defendant Parks against defendant Joiner on July 6, 2005.  Plaintiff also alleges that defendant Joiner allows corrections officers to touch and dispense medicine.  Plaintiff seeks an "investigation" of defendant Joiner and money damages of $95,000.00.

Defendants request dismissal of this action on the basis of *res judicata*.  Defendants

submit a copy of plaintiff's complaint in *Hayes v. Ohio Dept. of Rehabilitation and Correction*, Case No. 2005-03695AD (filed 3/7/05) in the Ohio Court of Claims and a copy of the Court of Claims' decision in the matter. (Doc. 23, attachments). Defendants contend that the resolution of plaintiff's Court of Claims case bars the instant federal court action.

Under the doctrine of *res judicata*, or claim preclusion, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990). *Res judicata* "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003), citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001); *Gargallo,* 918 F.2d at 660-61. *See also Federated Department Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981)(res judicata prevents the "relitigating of issues that were or could have been raised in [a prior] action."). *Res judicata* provides that federal courts must give state court judgments the same effect the rendering state court would give them. *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 758 (6th Cir. 2003), citing 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under Ohio law, which controls the effect of plaintiff's prior action, the doctrine of *res judicata* bars not only claims that were raised and determined in the action, but also those that could have been raised and determined. *See State ex rel. White v. Franklin Cty. Bd. of Elections*, 65 Ohio St.3d 45, 47, 600 N.E.2d 656, 658 (1992). To be barred by *res judicata*, the following elements must be present: (1) there must be an identity of the causes of action;

2

(2) there must be an identity of the parties or their privies; and (3) the judgment previously rendered must have been upon the merits. *Estate of Hards v. Shore*, 2005 WL 3219620, *1 (Ohio App. 8 Dist.), citing *Horne v. Woolever*, 170 Ohio St. 178, 163 N.E.2d 378 (1959). *See also Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus (1995).

In the instant case, plaintiff's Court of Claims complaint names "K. Joiner, R.N." as the defendant. (Doc. 23, attachment). Plaintiff's Court of Claims complaint alleges the same facts and cause of action against Joiner as in this federal court action. His Court of Claims complaint further alleges that Mona Parks, Ms. Joiner's supervisor, failed to discipline Joiner for her actions on January 6, 2005. *Id*. On October 7, 2005, the Court of Claims entered a final judgment on the merits in favor of the defendant. (Doc. 23, attachment). This Court's review of the Court of Claims docket shows that the clerk's determination denying plaintiff's claim was confirmed and adopted by the court on November 29, 2005. *See* Case No. 2005-03695-AD at www.cco.state.oh.us. The Court of Claims construed plaintiff's complaint as being brought against the Ohio Department of Rehabilitation and Correction. *See* R.C. 2743.02(E)(the only proper defendant in an original action filed in the Court of Claims is the state). To the extent K. Joiner and Mona Parks may be considered in privity with the ODRC, it appears that the three elements for applying *res judicata*, *i.e.*, identity of the causes of action, identity of the parties or their privies, and a final judgment on the merits, are satisfied. Accordingly, defendants' motion to dismiss should be granted.

In any event, plaintiff's filing of a lawsuit in the Ohio Court of Claims acts as a waiver of plaintiff's federal court action. *See Leaman v. Ohio Department of Mental Retardation and Development Disabilities,* 825 F.2d 946 (6th Cir. 1987)(en banc), *cert. denied*, 487 U.S. 1204

3

(1988). *See also Turker v. Ohio Dept. of Rehabilitation and Corrections,* 157 F.3d 453 (6th Cir. 1998); *Thomson v. Harmony*, 65 F.3d 1314 (6th Cir. 1995), *cert. denied*, 116 S.Ct. 1321 (1996). Ohio conditions the filing of suit against it in the Court of Claims on the plaintiff waiving any cause of action based upon the same act or omission that might be filed against a State officer or employee. *See* Ohio Rev.Code § 2743.02(A)(1). When plaintiff filed suit in the Ohio Court of Claims, he waived his right to file a § 1983 claim against defendants Joiner and Parks. *Leaman*, 825 F.2d at 951-52. Thus, plaintiff's federal court complaint fails to state a claim upon which relief can be granted. *Alford v. Wilkinson*, 188 F.3d 506 (6th Cir. 1999) (unreported), 1999 WL 644375, **1. Plaintiff's federal court action should therefore be dismissed on this basis as well.

In view of the above, plaintiff's motions for hearing (Docs. 18, 19) should be denied as moot. In addition, because defendants have raised a meritorious defense to plaintiff's complaint, plaintiff's motions for default judgment and for entry of default (Docs. 20, 21) should also be denied. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986).

Finally, to the extent plaintiff alleges that defendant Joiner allows corrections officers to touch and dispense medicine, this allegation, without more, fails to state a claim for relief under the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and should be *sua sponte* dismissed by the Court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' motion to dismiss be **GRANTED**.

2. Plaintiff's motions for hearing, for default judgment, and for entry of default (Docs. 18, 19, 20, 21) be **DENIED**.

3. Plaintiff's claim that defendant Joiner allows corrections officers to touch and dispense medicine be *sua sponte* **DISMISSED** by the Court.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

5. This matter be closed on the docket of the Court.


Date: 1/4/2006                          s/Timothy S. Hogan
                                                         Timothy S. Hogan
                                                         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:05cv575

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Richard Hayes 156-605<br>Warren Corr. Inst.<br>PO Box 120<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7001 2510 0008 6348 2610 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540