**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Richard V. Hayes, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-CV-575 |
| | ) |
| v. | ) |
| | ) |
| K. Joiner, R.N., <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on Plaintiff's motions for hearing, for default judgment, and for entry of default (Doc. Nos. 18, 19, 20, 21), Defendants' motion to dismiss (Doc. No. 23), Magistrate Judge Hogan's Report and Recommendation that Defendants' motion to dismiss be granted and Plaintiff's motions be denied (Doc. No. 25), and Plaintiff's objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 27).  For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Hogan's Report and Recommendation; Plaintiff's motions for hearing, default judgment and entry of judgment are not well-taken and are **DENIED**; Defendants' motion to dismiss is well-taken and **GRANTED**.

The Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive issue.  Fed. R. Civ. P. 72(b).  Upon review of the record, the Court adopts Magistrate

Judge Hogan's recommendations.  Accordingly, the Court finds that Plaintiff's motions for hearing, default judgment and entry of default are without merit and that Defendants' motion to dismiss is well-taken.

Facts

After reviewing the pertinent motions, objections and pleadings in this case, the Court adopts Magistrate Judge Hogan's factual findings, none of which are contested.  Magistrate Hogan stated the facts of this case as follows:

> Plaintiff is a former inmate at the Southern Ohio Correctional Facility (SOCF).  He brings this action under 42 U.S.C. § 1983 against SOCF nurse K. Joiner and SOCF Health Care Administrator Mona Parks.  Plaintiff alleges that on January 6, 2005, he reported he was experiencing chest pain to defendant Joiner while she was making her rounds.  He alleges that without taking vital signs or his blood pressure, Joiner stated she saw no acute signs of cardiac problems.  Plaintiff further alleges that he filed an informal complaint with defendant Parks against defendant Joiner on July 6, 2005.  Plaintiff also alleges that defendant Joiner allows corrections officers to touch and dispense medicine.  Plaintiff seeks an "investigation" of defendant Joiner and money damages of $95,000.

Judge Hogan recommended that Defendants' motion to dismiss be granted, inter alia, on the grounds that Plaintiff waived his federal cause of action for damages by filing suit againt the Defendants in the Ohio Court of Claims.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  In its consideration

2

of a motion to dismiss under Rule 12(b)(6), the court is required
to construe the complaint in the light most favorable to the
Plaintiff and accept all well-pleaded factual allegations in the
complaint as true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)
and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155
(6th Cir. 1983).  A court, however, will not accept conclusions
of law or unwarranted inferences which are presented as facutal
allegations.  Blackburn v. Fist University, 443 F.2d 121, 124
(6th Cir. 1974).  A court will, though, accept all reasonable
inferences that might be drawn from the complaint.  Fitzke v.
Shappell, 468 F.2d 1072, 1076-77 n. 6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to
a Rule 12(b)(6) motion, this Court recognizes that "a complaint
should not be dismissed for failure to state a claim unless it
appears beyond doubt that the Plaintiff can prove no set of facts
in support of his claim which would entitle him to relief."
Conley v. Gibson, 355 U.S. 41, 45-6 (1957).


## Analysis

Magistrate Judge Hogan was correct in determining that
under the Ohio Court of Claims Act, Plaintiff, by previously
filing his claim against Defendants in the Ohio Court of Claims,
waived his right to file federal claims for money damages against
Defendants.  The pertinent section of the Ohio Court of Claims

3

Act reads as follows:

> [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee.

R.C. § 2743.02(A)(1).  The Sixth Circuit Court of Appeals has interpreted the Act as establishing "a quid pro quo, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees."  Thompson v. Harmony, 65 F.3d 1314, 1318 (6th Cir. 1995).  Moreover, forcing plaintiffs to waive monetary federal causes of action in order to sue the State of Ohio in the Court of Claims does "not impose an 'unconstitutional condition' [on plaintiffs] because until Ohio abandoned its sovereign immunity in the statute, plaintiffs had no cause of action at all."  Id.

A thorough review of both Plaintiff's state and federal complaint shows that Plaintiff filed this federal claim after filing a state-law action in the Ohio Court of Claims based on the same operative facts.  Thus, Plaintiff has waived his right to file a federal monetary claim against the Defendants.  Therefore, Defendants' motion to dismiss Plaintiff's § 1983 claim is well-taken.

## Conclusion

For the reasons set forth above, the Court hereby **ADOPTS** Magistrate Judge Hogan's Report and Recommendation;

4

Plaintiff's motion for hearing, default judgment and entry of default are not well-taken and are **DENIED**; and Defendants' motion to dismiss all claims is well-taken and **GRANTED.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Court's Order would not be taken in good faith.  See <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).  **THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date April 24, 2006             s/Sandra S. Beckwith
                           Sandra S. Beckwith, Chief Judge
                           United States District Court